UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATONYA HARRIS, individually and on behalf of Larry Harris, deceased | CIVIL ACTION |
| VERSUS | NO. 18-10432 |
| M. CARBINE RESTORATIONS, LTD. | SECTION M (5) |

**ORDER & REASONS**

Before the Court is defendant M. Carbine Restorations, Ltd.'s motion to dismiss,[1] to which plaintiff Latonya Harris ("Harris") responds in opposition,[2] and in further support of which M. Carbine replies.[3] Having considered the applicable law and the parties' memoranda, the Court issues this Order & Reasons.

Harris filed this action in the Civil District Court, Parish of Orleans, State of Louisiana against M. Carbine alleging that her father, Larry Harris, died as a result of a workplace injury that occurred at a construction site on which M. Carbine was the general contractor.[4] Harris alleges that the accident resulted from M. Carbine's negligence and seeks wrongful death and survival damages.[5] Harris does not specify by whom her father was employed at the time of the accident.[6]

M. Carbine removed the action to this Court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[7] Thereafter, M. Carbine filed the instant motion to dismiss with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the only

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 13.
[4] R. Doc. 1-1 at 1-5.
[5] *Id.*
[6] *Id.*
[7] R. Doc. 1 at 1-6. Harris is a citizen of Texas, M. Carbine is a citizen of Louisiana, and there is undisputedly more than $75,000 in controversy in this wrongful death and survival action.

logical reading of the complaint is that Harris alleges that her father was employed by M. Carbine, and as a result, Harris' claims are barred by the exclusivity provisions of the Louisiana Workers' Compensation Act ("LWCA").[8]  Harris opposes the motion arguing that she did not specifically allege that M. Carbine was her father's employer, and that he was in fact employed by Herbert Hill at the time of the accident as he had been for twenty-five (25) years.[9]  Harris argues that she should be permitted to file an amended complaint to clarify her father's employment.[10]

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, and that courts "should freely give leave when justice so requires." A district court has discretion on whether to grant leave to amend. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  In this case, justice requires granting leave to allow Harris to amend her complaint to clarify by whom her father was employed at the time of the accident.  Dismissal with prejudice is too harsh a remedy when it is unclear whether the decedent was employed by M. Carbine.

Accordingly, IT IS ORDERED that M. Carbine's motion to dismiss (R. Doc. 6) is DENIED.

IT IS FURTHER ORDERED that Harris is granted leave of Court to file an amended complaint, which must be filed within fifteen (15) days of the date of this Order & Reasons.

New Orleans, Louisiana, this 16th day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 6-1 at 3-7.
[9] R. Doc. 8 at 1.
[10] *Id.* at 2-3.